UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                              Case # 17-CR-78-FPG

v.

                                              DECISION AND ORDER

La'MEL WILLIAMS,
LATISHA WILLIAMS, and
IRIS CENTENO,

                                    Defendants.

## INTRODUCTION

On October 4, 2017, the Grand Jury returned a superseding indictment charging Defendants La'Mel Williams, Latisha Williams, and Iris Centeno with various offenses relating to the possession and distribution of cocaine and cocaine base while possessing a stolen firearm. *See generally* ECF No. 74.

Between October 9, 2017, and July 16, 2018, Defendants moved to suppress evidence obtained during a search performed on March 17, 2017, at Defendants' apartment, Centeno moved to suppress statements she made to law enforcement officers on that date, and La'Mel moved to dismiss Count 1 of the Superseding Indictment, to sever himself from the other Defendants, and for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). ECF Nos. 77, 81, 83, 86, 101, 140, 164. After holding hearings and allowing post-hearing briefing, United States Magistrate Judge Jeremiah J. McCarthy issued a report and recommendation (R&R) on April 25, 2019, ECF No. 235, that recommends that the Court deny Defendants' motions to suppress—including Centeno's motion to suppress her statements—and La'Mel's motion to dismiss but does not rule on or make

a recommendation as to La'Mel's motions to sever and for a *Franks* hearing. *Id.* Currently before the Court are Defendants' objections to the R&R, La'Mel's motions to sever and for a *Franks* hearing, and the Government's responses to them. ECF Nos. 81, 88, 238, 239, 246, 251. For the following reasons, the Court ADOPTS Judge McCarthy's R&R in full, Defendants' motions to suppress are DENIED, and La'Mel's remaining motions are DENIED.

## DISCUSSION

**I. Defendants' Purported Objections**

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, the objections are conclusory, general, or without legal support, or a party repeats arguments made to the magistrate judge without identifying a specific error in his reasoning, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citing *Cullen v. United States*, 194 F.3d 401, 405-07 (2d Cir. 1999)); *see also* Fed. R. Crim. P. 59(b)(2); Loc. R. Crim. P. 59(c)(2) ("Written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."); *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) ("[O]bjections that simply reiterate the original arguments, without identifying a specific error in the report and recommendation, *e.g.*, why a specific finding or conclusion is faulty or the magistrate judge erred in rejecting a specific argument, are reviewed under the clear error standard.").

A district court will ordinarily accept the credibility findings a magistrate judge makes and should not reject them without holding its own evidentiary hearing. *United States v. Lawson*, 961

F. Supp. 2d 496, 500 (W.D.N.Y. 2013) (citation omitted); *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008).

After reviewing the R&R and the objections to it, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3).

The Court assumes the parties' familiarity with the underlying facts and the record of prior proceedings. Judge McCarthy held that the search warrant applied for by Erie County Sherriff's Office Detective Patrick McMahon and issued by Erie County Court Judge James Bargnesi to search Defendants' apartment at 198 Potomac Avenue, Buffalo, New York, was neither sufficiently particularized nor supported by probable cause. ECF No. 235 at 16-20. Judge McCarthy recommends denial of Defendants' motions to suppress, however, because none of the four exceptions[1] to the so-called "good faith exception" to the exclusionary rule apply and, therefore, McMahon and the other law enforcement officers who executed the search warrant acted in good faith on it. ECF No. 235 at 21-33.

Defendants purport to object to various parts of Judge McCarthy's rulings; La'Mel objects to Judge McCarthy's analysis on all four exceptions, and Latisha and Centeno object to his analysis on the third and fourth exceptions. *See generally* ECF Nos. 238-1, 239, 246. Upon review, however, Defendants repeat many of the arguments Judge McCarthy addressed in his R&R. For example, La'Mel argues under the first exception that McMahon misled Judge Bargnesi because he did not disclose conflicting addresses for La'Mel's residence, failed to say the Confidential Informant (CI) was in custody, and failed to disclose other material information. ECF No. 238-1

---

[1] These are derived from *United States v. Leon*, 468 U.S. 897, 923 (1984) and *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011).

- 3 -

at 6-7. Judge McCarthy addressed all of these arguments in the R&R and found the exception inapplicable. ECF No. 235 at 23-25.

La'Mel repeats this tactic for the second exception and for some arguments challenging Judge McCarthy's analysis on the third and fourth exceptions. Latisha and Centeno follow La'Mel's lead as to their arguments on the third and fourth exceptions.

As explained above, this Court reviews arguments made both before it and the Magistrate Judge for clear error unless they identify a specific error in the Magistrate Judge's analysis. *Alvarez Sosa*, 369 F. Supp. 3d at 497. Defendants have identified no such errors here. Instead, it appears that they disagree with Judge McCarthy's conclusions and prefer to dispute them on the same grounds they raised before him. Such an approach entitles them to only clear error review of those portions of the R&R.

Defendants do raise a few arguments not presented to Judge McCarthy, but none of them point to errors in his reasoning. They instead address issues irrelevant to his analysis. For example, Latisha argues that McMahon and the officers executing the search warrant should have contacted Judge Bargnesi after they confronted circumstances in the apartment inconsistent with the CI's description of it. ECF No. 246 at 11. But there is no legal requirement to do so of which the Court is aware, and Judge McCarthy found that the search warrant had sufficient indicia of probable cause and particularity to allow the good faith exception. ECF No. 235 at 27-33.

Defendants' remaining arguments have no legal support. La'Mel, for example, argues that Judge McCarthy improperly limited the initial probable cause analysis to the sworn information provided by the CI, but then considered unsworn information in his analysis on the good faith

exception. ECF No. 238-1 at 5. Even if La'Mel had legal support for his argument it would fail,[2] but he cited none. The Court thus reviews the conclusion for clear error only.

The Court has reviewed all of Defendants' purported objections to Judge McCarthy's analysis on their motions to suppress the evidence from the search and Centeno's statements.[3] None of them demonstrate an entitlement to *de novo* review of the R&R. Consequently, the Court has reviewed the R&R, finds no clear error in it, and, therefore, Defendants' motions to suppress are DENIED.

**II.     Motion to Dismiss**

La'Mel contends that Count 1 of the Superseding Indictment is impermissibly duplicitous because it alleges two distinct conspiracies in a single count. ECF No. 238-1 at 11-12. This argument is identical to the one he made before Judge McCarthy. ECF No. 83-2, ECF No. 235 at 36-37. In fact, upon review of La'Mel's arguments, the Court notes that the argument in La'Mel's objections is copied verbatim from his previously-filed memorandum.[4] *Compare* ECF No. 83-2 *with* ECF No. 238-1 at 11-12. This is exactly the type of advocacy that creates "extra work" the magistrate referral process was meant to avoid. *Wider v. Colvin*, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017) ("The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary[ ] ... [and] [t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument

---

[2] Judge McCarthy thoroughly explained his reasoning for this approach. ECF No. 235 at 22-23. Indeed, he devoted an entire section of his R&R to it. *Id.* There is no apparent error in his reasoning.

[3] Centeno did not object to Judge McCarthy's analysis on her motion to suppress her statements. The Court therefore reviews that section for clear error.

[4] The Court reminds counsel that, under Federal Rule of Civil Procedure 11, it may sanction attorneys who make previously-dismissed, frivolous arguments to the Court, even if the arguments were made in good faith and by an attorney who was inexperienced and overwhelmed. *Hochstadt v. New York State Ed. Dep't*, 547 F. App'x 9, 11 (2d Cir. 2013) (summary order).

which it presented to the Magistrate Judge." (citations omitted)). The Court has reviewed Judge McCarthy's analysis on La'Mel's motion to dismiss and finds no clear error. The motion is therefore DENIED.

## III.    *Franks* Hearing

La'Mel moves for a *Franks* hearing in addition to his motion to suppress. ECF No. 238-1 at 3-4. La'Mel notes he has moved twice for the hearing and that Judge McCarthy did not address his motion in the R&R. ECF Nos. 140 at 12-14, 164 at 14-16, 235.

Under *Franks*, "[a] defendant is permitted to challenge the veracity of a search warrant . . . where the affidavit in support of the search warrant is alleged to contain deliberately or recklessly false or misleading information." *United States v. Canfield*, 212 F.3d 713, 717 (2d Cir. 2000). To garner a hearing, a defendant must make "a substantial preliminary showing that (1) the affidavit contained false statements made knowingly or intentionally, or with reckless disregard for the truth; and (2) the challenged statements or omissions were necessary to the Magistrate's probable cause finding." *United States v. Levasseur*, 816 F.2d 37, 43 (2d Cir. 1987). If the warrant was issued based on materially false or misleading information or omissions, the Court must suppress evidence procured based on the warrant. *United States v. Levasseur*, 816 F.2d 37, 43 (2d Cir. 1987). As with any potential suppression, however, the Government may avoid suppression by demonstrating that the law enforcement officers acted in good faith. *United States v. Lucas*, 379 F. Supp. 3d 182, 197 (W.D.N.Y. 2019).

Here, the Government has shown that McMahon and the other law enforcement officers that executed the search acted in good faith on it. Consequently, the Government avoids any possible suppression resulting from a *Franks* hearing. La'Mel appears to argue that *Franks* offers an alternative form of suppression that sidesteps Judge McCarthy's findings. As this Court made

clear in *Lucas*, however, the good faith exception applies to motions and hearings under *Franks*. *Lucas*, 379 F. Supp. 3d at 197. La'Mel's motion is therefore DENIED.

## IV. Motion to Sever

Finally, La'Mel moves to sever himself from the case against Latisha and Centeno. ECF No. 81-2. The Court considers it now in the first instance.

Under Federal Rule of Criminal Procedure 14(a), the Court may sever defendants or counts if joinder of the defendants or counts in an indictment would prejudice defendants or the Government. "[A] district court should grant a severance under [Rule 14] only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Cacace*, 796 F.3d 176, 192 (2d Cir. 2015) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). "A defendant seeking severance pursuant to Rule 14(a) must overcome the strong presumption in favor of trying jointly indicted defendants together." *United States v. Forde*, 699 F. Supp. 2d 637, 640-41 (S.D.N.Y. 2010).

Here, La'Mel demonstrates no serious risk that including him in a trial with Latisha and Centeno would compromise one of his trial rights or jeopardize the judgment of the jury. Instead, La'Mel mostly repackages the arguments supporting his motion to dismiss—*i.e.*, that the Superseding Indictment improperly combines multiple conspiracies in a single count or multiple defendants from separate conspiracies in a single conspiracy. ECF No. 81-2 at 3-5.

La'Mel does argue that the jury may find La'Mel guilty based on cumulative evidence used against Centeno as alleged in Count 11 when it would not have found him guilty without it, but the Court is not persuaded. *Id.* at 5. Count 11 alleges that Centeno individually possessed cocaine base with intent to distribute it at a date after the alleged conspiracy between La'Mel, Latisha, and

Centeno ended. There is no basis to conclude the jury would apply Count 11 to La'Mel when he is not included in it and, the Court surmises, the Government does not intend to offer evidence against him as to it. At trial, if the Government intends to offer evidence implying a link between La'Mel and Centeno as to Count 11, La'Mel may move for a limiting instruction that the Court may grant in the interests of fairness. Currently, however, the Court sees no basis to do so, much less to grant his motion. La'Mel's motion to sever is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge McCarthy's R&R, ECF No. 235, in full, Defendants' motions to suppress, ECF Nos. 77, 86, 101, are DENIED, and La'Mel's motions to sever, dismiss, and for a *Franks* hearing, ECF Nos. 81, 83, 140, 164, are DENIED.

IT IS SO ORDERED.

Dated: July 15, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court