UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Case # 17-CR-78-FPG

v.

DECISION AND ORDER

La'MEL WILLIAMS,

Defendant.

# INTRODUCTION

On October 4, 2017, the Grand Jury returned a superseding indictment charging Defendant La'Mel Williams and his codefendants with various offenses relating to the possession and distribution of cocaine and cocaine base while possessing a stolen firearm. ECF No. 74. Prior to the superseding indictment, the Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1) for all pre-trial matters. ECF No.17.

On October 9, 2017, Defendant moved for a bill of particulars.[1] ECF No. 75. On September 10, 2019, Judge McCarthy issued a Decision and Order denying Defendant's motion. ECF No. 270. Sixteen days later, on September 26, 2019, Defendant objected to Judge McCarthy's order under Federal Rule of Criminal Procedure 59(a). ECF No. 275. For the following reasons, Defendant's Objection is DENIED.

---

[1] A bill of particulars "is a formal written statement by the prosecutor providing details of the charges against the defendant. Its functions are to give the defendant notice of the essential facts supporting the crimes alleged in the indictment or information, and also to avoid prejudicial surprise to the defense at trial." Charles A. Wright et al., *Federal Practice and Procedure* § 130 (4th ed. 2019).

**DISCUSSION**

Rule 59 explains the procedural rules governing criminal proceedings before a magistrate judge. Rule 59(a) specifically considers nondispositive matters such as Judge McCarthy's ruling on Defendant's motion for a bill of particulars. *See id.* ("A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense.").

The Rule further explains that parties may object to a magistrate judge's nondispositive ruling "within 14 days after being served with a copy of a written order." A district judge must consider the objection if it is timely, but "failure to object in accordance with this rule waives a party's right to review." *Id.*

Here, the Court concludes that Defendant has waived his right to review because his objection was untimely. Judge McCarthy's Decision and Order was filed on the Court's electronic filing system on September 10, 2019. ECF No. 270. Under Rule 49, Defendant was served with a written copy of Judge McCarthy's Decision and Order when it was electronically filed. Fed. R. Crim. P. 49(3)(A) ("Service [via the Court's electronic-filing system] is complete upon filing."); 49(b)(2)(A) ("A paper filed electronically is written or in writing under these rules."). Consequently, he was required to object within fourteen days of September 10, 2019.

Under Rule 45(a)(1), a period of time stated in days begins on the day after the event that triggers the period, counts every day including intermediate Saturdays, Sundays, and legal holidays, and includes the last day of the period unless that last day is a Saturday, Sunday, or legal holiday.

Tuesday, September 24, 2019, is fourteen days from September 10, 2019. Defendant did not file his Objection until September 26, 2019, two days after the period to object had closed. *See* ECF No. 275.

Nevertheless, the Court has reviewed Judge McCarthy's Decision and Order to determine whether any part of it was "clearly erroneous"—a "highly deferential" standard—and finds no such error. *United States v. Williams*, 339 F. Supp. 3d 129, 132-33 (W.D.N.Y. 2018) (citations omitted). The Court agrees with his finding that Defendant's Motion should be denied for two reasons: The Government is not required to particularize the conspiracies in this context and, even if it were, the particularization that Defendant seeks is beyond the scope of a bill of particulars. ECF No. 270 at 4-7. Defendant's objection is thus denied.

## CONCLUSION

For the foregoing reasons, Defendant's Objection, ECF No. 275, is DENIED.

IT IS SO ORDERED.

Dated: October 15, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court