UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Case # 17-CR-78-FPG

v.

AMENDED DECISION AND ORDER

La'MEL WILLIAMS,

               Defendant.

## INTRODUCTION

On October 4, 2017, the Grand Jury returned a superseding indictment charging Defendant La'Mel Williams and his codefendants with various offenses relating to the possession and distribution of cocaine and cocaine base while possessing a stolen firearm. ECF No. 74. Prior to the superseding indictment, the Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1) for all pre-trial matters. ECF No.17.

On October 9, 2017, Defendant moved for a bill of particulars.[1] ECF No. 75. On September 10, 2019, Judge McCarthy issued a Decision and Order denying Defendant's motion. ECF No. 270. Two days later, on September 12, 2019, the Court issued a text order directing the parties to file any objection to Judge McCarthy's Decision by September 26, 2019. ECF No. 271.

On September 26, 2019, Defendant objected to Judge McCarthy's order under Federal Rule of Criminal Procedure 59(a). ECF No. 275.

---

[1] A bill of particulars "is a formal written statement by the prosecutor providing details of the charges against the defendant. Its functions are to give the defendant notice of the essential facts supporting the crimes alleged in the indictment or information, and also to avoid prejudicial surprise to the defense at trial." Charles A. Wright et al., *Federal Practice and Procedure* § 130 (4th ed. 2019).

On October 15, 2019, the Court issued a Decision and Order denying Defendant's Motion in part because the Motion was untimely. ECF No. 281. That conclusion was an oversight; Defendant had timely objected to Judge McCarthy's Decision pursuant to the Court's previously issued text order by filing his Objection on September 26, 2019.

Accordingly, the Court now reviews Defendant's Objection entirely on the merits and finds that Judge McCarthy's Decision and Order is neither clearly erroneous nor contrary to law.

## DISCUSSION

When a party objects to a nondispositive decision by a magistrate judge—such as Judge McCarthy's Decision and Order here—a district judge reviews the magistrate judge's decision to determine whether it is "clearly erroneous or contrary to law." *United States v. Williams*, 339 F. Supp. 3d 129, 132-33 (W.D.N.Y. 2018) (citing 28 U.S.C. § 636(b)(1)(A)). The standard is "highly deferential," and a magistrate judge's decision will be upheld unless, upon reviewing the entire record, the district judge "is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted).

Here, the Court finds the opposite: Judge McCarthy committed no error and reached a well-supported conclusion based on applicable law and the relevant facts. In short, Judge McCarthy concluded that the Government is not required to particularize the conspiracy in this context and, even if it were, the particularization that Defendant seeks is beyond the scope of a bill of particulars. ECF No. 270 at 4-7; *see*, *e.g.*, *United States v. Nicolo*, 523 F. Supp. 2d 303, 317 (W.D.N.Y. 2007), *aff'd*, 421 F. App'x 57 (2d Cir. 2011) (summary order) ("As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars . . . Likewise, the names of unindicted coconspirators need not be provided."). Defendant's Objection points to no error in this conclusion; instead, he relitigates the issue before

this Court and references three decisions that, in his opinion, demonstrate he is entitled to a bill of particulars.

A disagreement with Judge McCarthy's conclusion, however, is not tantamount to a mistake. Judge McCarthy retains the discretion to decide whether case law supports Defendant's arguments or not, and he decided the latter here. If Judge McCarthy *abused* that discretion, then the Court would overturn his decision. *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (explaining that the clearly erroneous standard "only permits reversal where the magistrate judge abused his discretion"). But Defendant does not point to any such abuse in Judge McCarthy's analysis, and, more importantly, the Court has found none in its review. Consequently, the Court finds that Judge McCarthy's decision was neither clearly erroneous nor contrary to law, and Defendant's Objection is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's Objection, ECF No. 275, is DENIED.

IT IS SO ORDERED.

Dated: October 16, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court